1

SEYFARTH SHAW LLP
Brian Long (SBN 232746)
bplong@seyfarth.com

2

601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793

3

Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

4

5

SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com

6

2029 Century Park East, Suite 3500
Los Angeles, California 90067

7

Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

8

9

Attorneys for Defendant
HYATT CORPORATION

10

11

12

UNITED STATES DISTRICT COURT

13

CENTRAL DISTRICT OF CALIFORNIA

14

15

KAREN HARTSTEIN, in her
representative capacity and on behalf of
herself and all others similarly situated,

16

17

Plaintiff,

18

v.

19

HYATT CORPORATION, a Delaware
corporation doing business in California;
and DOES 1 through 100, inclusive,

20

21

Defendants.

22

Case No. 2:20-cv-4874

**DEFENDANT HYATT
CORPORATION'S NOTICE OF
REMOVAL**

[Los Angeles Superior Court,
Case No. 20STCV15895]

Complaint Filed:       April 24, 2020

23

24

25

26

27

28

64065500v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, KAREN HARTSTEIN, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Hyatt Corporation ("Defendant" or "Hyatt") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California.  This Court has original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2)—the Class Action Fairness Act of 2005 ("CAFA").  Removal is proper for the following reasons:

## I.    BACKGROUND

1.    On April 23, 2020, Plaintiff Karen Hartstein ("Plaintiff") submitted a Notice to the California Labor and Workforce Development Agency ("LWDA") regarding alleged violations of the California Labor Code and her intent to proceed in a representative capacity under the California Private Attorneys General Act ("PAGA").  Plaintiff provided Defendant with a copy of this PAGA Notice by certified mail.  A true and correct copy of Plaintiff's PAGA Notice is attached hereto as **Exhibit A**.

2.    On April 24, 2020, Plaintiff filed a class action complaint in the Superior Court of California for the County of Los Angeles, titled "*KAREN HARTSTEIN, in her representative capacity and on behalf of herself and all others similarly situated, v. HYATT CORPORATION, a Delaware corporation doing business in California; and DOES 1 through 100, inclusive*," Case No. 20STCV15895 ("Complaint").

3.    On May 1, 2020, Defendant's registered agent for service of process in California received, via process server, the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; and ADR Information Package.  A true and correct copy of the packet received by Defendant is attached hereto as **Exhibit B**.

4. On May 29, 2020, Defendant filed its Answer to Plaintiff's Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer filed to Plaintiff's Complaint is attached hereto as **Exhibit C**.

5. Defendant has not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A through Exhibit C, in this action prior to this Notice of Removal.

## II. TIMELINESS OF REMOVAL

6. The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

7. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

8. This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on Defendant's agent for service of process, on May 1, 2020. Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such

delivery.”); 28 U.S.C. § 1446(b).  Thirty (30) days from the service of the Complaint on Defendant on May 1, 2020 is June 1, 2020.[1]

9.     Defendant's 30-day time limit to remove is triggered by Plaintiff's service of the Summons and the Complaint on May 1, 2020.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").  This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on December 13, 2019.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10.

10.    Plaintiff asserts five causes of action in her Complaint against Defendant: (1) Failure to Pay All Wages Upon Discharge or Layoff (Cal. Labor Code §§ 201-203, 218, 218.5, 218.6, 227.3); (2) Waiting Time Penalties (Cal. Labor Code §§ 201, 203); (3) Failure to Furnish Accurate, Itemized Wage Statements (Cal. Labor Code § 226); (4) Unfair and Unlawful Business Practices (Cal. Business & Professions Code §§ 17200 *et seq*.); and (5) Enforcement Action Under the Private Attorneys General Act (Cal. Labor Code §§ 2698, *et seq.*).  (Ex. B, Complaint, ¶¶ 26-51.)

11.    Plaintiff's Complaint and all causes of action therein stem from a single theory of liability.  Plaintiff alleges that "[t]hroughout March of 2020, Hyatt [furloughed] thousands of employees statewide," and that this furlough was, in reality, a "mass layoff" that required Defendant to "pay out all earned and accrued vacation to its former employees when they were [furloughed]."  (Ex. B, Complaint, pp. 2-3.)  Plaintiff alleges that, due to these furloughs and an alleged failure to pay all earned and accrued vacation at the time of the furloughs, Defendants violated California law by failing to pay all

_____

[1]     Thirty (30) days from May 1, 2020 is Sunday, May 31, 2020.  Pursuant to Fed. R. Civ. P. 6(a)(1)(C), the 30-day time period to remove this case continues to run to Monday, June 1, 2020.  *See* Fed. R. Civ. P 6(a)(1)(C) ("When the period is stated in days … include the last day of the period, but **if the last day is a** Saturday, **Sunday**, or legal holiday, **the period continues to run until the end of the next day** that is not a Saturday, Sunday, or legal holiday") (emphasis added).

wages due at termination and failing to provide accurate wage statements.  (*See generally* Ex. B, Complaint.)

12.     The Complaint seeks to certify a class of "[a]ll employees of Defendants in the State of California whose employment was terminated (including laid off or furloughed) and were not paid for earned or accrue vacation time immediately upon cessation of their employment within the Relevant Period."  (Ex. B, Complaint, ¶ 5.) Plaintiff defines the "Relevant Period" as "the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment."  (Ex. B, Complaint, ¶ 5.)

13.     Accordingly, for purposes of the calculations in this Notice of Removal, the "Relevant Period" starting "four (4) years prior to the filing of this action" is from **April 24, 2016** until the present.

## III.   CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

14.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 1332(d)(5)(B); Declaration of Daniel Strittmatter in Support of Defendant's Notice of Removal ("Strittmatter Decl."), ¶ 6.

### A.     Plaintiff And Defendant Are Minimally Diverse

15.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Defendant (which is a citizen of Delaware and Illinois).

4

### 1.   Plaintiff Is A Citizen Of California

16.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

17.    Plaintiff alleges that she resides in the State of California.  (Ex. A, Complaint, ¶ 3; "Plaintiff is a resident of the State of California.")  Plaintiff was also employed by Defendant at the Hyatt Regency Huntington Beach hotel located in Huntington Beach, California, from March 6, 2014 until the start date of her furlough on March 22, 2020.  (Strittmatter Decl., ¶ 5.)  Plaintiff's intent to remain domiciled in California is further evident from the fact that she brought her lawsuit against Defendant in Los Angeles County Superior Court.  Accordingly, Plaintiff is a citizen of California.

### 2.   Hyatt Is Not A Citizen Of California

18.    Defendant is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).  For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

DEFENDANT HYATT CORPORATION'S NOTICE OF REMOVAL

19.     Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware.  (Declaration of Christina Urbanski in Support of Defendant's Notice of Removal ("Urbanski Decl."), ¶ 5.)  Thus, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware.

20.     Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of Illinois.  (Urbanski Decl., ¶ 6.)  Thus, for purposes of diversity jurisdiction, Defendant is also a citizen of Illinois.

21.     The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

22.     Under the "nerve center" test, Illinois emerges as Defendant's principal place of business.  Defendant's corporate headquarters are located in Chicago, Illinois where Defendant's high level officers direct, control, and coordinate Defendant's activities.  (Urbanski Decl., ¶ 6.)  Defendant's high level corporate officers maintain offices in Illinois, and many of Defendant's corporate level functions are performed in the Illinois office.  (Urbanski Decl., ¶ 6.) Additionally, many of Defendant's executive and administrative functions, including corporate finance and accounting, are directed from the Chicago, Illinois headquarters. (Urbanski Decl., ¶ 6.)

23.     Therefore, for purposes of diversity of citizenship, Defendant is, and has been at all times since this action commenced, a citizen of the State of Delaware and the State of Illinois.  28 U.S.C. § 1332(c)(1).  Because Plaintiff is a citizen of California and

DEFENDANT HYATT CORPORATION'S NOTICE OF REMOVAL

Defendant is a citizen of Delaware and Illinois, minimal diversity exists for purposes of CAFA.

24.     **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").  Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal.  Thus, the existence of "DOES 1 through 100" in the Complaint does not deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

**B.     The Amount In Controversy Exceeds The Statutory Minimum**

25.     CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id*. at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of

exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

26.    **Preponderance Of The Evidence Standard.**  Plaintiff's Complaint does not allege the amount in controversy for the class she purports to represent.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

27.    In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant").  The defendant must show that it is "more likely than not" that the jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

DEFENDANT HYATT CORPORATION'S NOTICE OF REMOVAL

(9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

28.     To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81,  135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases.  First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

29.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

30.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the

9

64065500v.1

California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

31.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

32.    **The Court Must Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100%—in other words, that every putative class member suffered a violation—unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations … Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform … policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr.

26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

33.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100%

11

violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

34.     The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  Plaintiff's Complaint seeks to certify, and seeks relief on behalf of, "[a]ll employees of Defendants in the State of California whose employment was terminated (including laid off or furloughed) and were not paid for earned or accrue vacation time immediately upon cessation of their employment within the Relevant Period."  (Ex. B, Complaint, ¶ 5.)  Given that Plaintiff's Complaint was filed on April 24, 2020, for purposes of the calculations in this Notice of Removal the "Relevant Period" is from **April 24, 2016** until the present.

35.     However, given that Plaintiff's Complaint is based on a theory of liability that Defendant failed to pay all earned and accrued vacation wages to employees at the

time they were furloughed in March 2020, the putative class at issue is, in reality, the "thousands of employees statewide" who were furloughed by Defendant due to the "COVID-19 pandemic." (Ex. B, Complaint, pp. 2-3.)

36.     Due to the COVID-19 pandemic, Defendant furloughed approximately 7,031 non-exempt, hourly employees who worked at Defendant's hotel properties in California. (Strittmatter Decl., ¶ 6.) The last average hourly rate of pay for these 7,031 furloughed individuals is approximately $17.30 per hour. (Strittmatter Decl., ¶ 7.)

37.     Among other forms of relief, Plaintiff namely seeks to recover, on behalf of herself and the alleged class, "waiting time penalties pursuant to Labor Code section 203" and "all penalties authorized by the Labor Code section 226(e)." (Ex. B, Complaint, ¶¶ 32-39; Prayer For Relief.) Plaintiff also seeks attorneys' fees and costs. (Ex. B, Complaint, Prayer For Relief.) Plaintiff also seeks civil penalties under PAGA. (Ex. B, Complaint, ¶¶ 46-51.)

38.     As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000. **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

39.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees at Defendant's hotel properties, such as Plaintiff.

### 1.     Waiting Time Penalties

40.     Plaintiff's Complaint alleges that Defendant failed to timely pay wages due, in violation of California Labor Code §§ 201-203. Plaintiff alleges that "Defendants are, and were during the Relevant Period, required to pay all earned and unpaid wages, including earned, accrued and unused vacation pay, to any employee who is discharged (which under California law includes an alleged 'furlough' without a specific return date or a return date that is not within the normal pay period.'" (Ex. B, Complaint, ¶ 33.)

41.     On these grounds, Plaintiff seeks "waiting time penalties" under California Labor Code § 203.  (Ex. B, Complaint, ¶¶ 32-36.)  Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay.  *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

42.     The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the complaint, or April 24, 2017. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats.1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

43.     It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages.  *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations").

44.     Given that Defendant's furloughs took place in March 2020 (over 30 days ago), it is plausible and reasonable to assume that each alleged putative class member waited over 30 days for payment of any allegedly unpaid wages.

45.     In addition, because Plaintiff does not allege that some (or any) class members worked part time, it is reasonable to assume that each employee worked eight hour shifts.  *See Wheatley*, 2019 WL 688209, at *6 ("it is reasonable for Defendant to assume eight-hour shifts").  However, Defendant's conservative, "plausible" calculations

14

of the amount in controversy for Plaintiff's claim for waiting time penalties accounts for both part-time and full-time employees. (Strittmatter Decl., ¶ 6.)

46. Due to the COVID-19 pandemic, Defendant furloughed approximately 7,031 non-exempt, hourly employees who worked at Defendant's hotel properties in California. (Strittmatter Decl., ¶ 6.) Of the 7,031 furloughed non-exempt, hourly employees, approximately 2,047 were part-time non-exempt, hourly employees and approximately 4,984 were full-time non-exempt, hourly employees. (Strittmatter Decl., ¶ 6.) The last average hourly rate of pay for these individuals is approximately $17.30 per hour. (Strittmatter Decl., ¶ 7.)

47. Although Defendant disputes liability, a reasonable estimate of the amount in controversy for waiting time penalties for part-time employees is $4,249,572 [$17.30/hour * 4 hours/day * 30 days * 2,047 furloughed part-time non-exempt, hourly employees]. Similarly, a reasonable estimate of the amount in controversy for waiting time penalties for full-time employees is $20,693,568 [$17.30/hour * 8 hours/day * 30 days * 4,984 furlough full-time non-exempt, hourly employees].

48. Accordingly, the total amount in controversy (combining part-time and full-time non-exempt, hourly employees) on Plaintiff's claim for waiting time penalties is **$24,943,140** [$4,249,572 + $20,693,568].

### 2. Wage Statement Penalties

49. Plaintiff's Complaint alleges that "Defendant failed to provide Plaintiff and Plaintiff Class members with timely, accurate, and itemized wage statements in writing in violation of Labor Code section 226." (Ex. B, Complaint, ¶ 38.) Based on this alleged violation, Plaintiff claims that she and other class members are "entitled to all available statutory penalties, including but not limited to civil penalties pursuant to Labor Code sections 226(e) and 226.3, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in section 226(e), as well as other available remedies." (Ex. B, Complaint, ¶ 39.)

15

50.     Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code § 226 is one year.  *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a).  Plaintiff filed her Complaint on April 24, 2020.  Therefore, the statutory period for a claim under California Labor Code § 226 runs from April 24, 2019 to the present.

51.     However, as stated above, Plaintiff's theory of liability is that Defendant failed to provide employees with all earned and accrued vacation wages at the time of the furloughs in March 2020.

52.     In order to calculate a conservative amount in controversy for Plaintiff's wage statement claim, Defendant assumes that all furloughed employees did not receive an accurate wage statement at the time of the furlough, as alleged by Plaintiff.  Under this analysis, based on Plaintiff's allegations, these employees would have incurred one wage statement penalty.  One wage statement penalty for each of the 7,031 furlough non-exempt, hourly employees in California would result in an amount in controversy for Plaintiff's wage statement claim of **$351,550** [7,031 individuals * $50 for initial wage statement violation].

### 3.     Approximate Aggregate Amount In Controversy

53.     Although Defendant denies Plaintiff's allegations that she or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for just the waiting time penalties claim and the wage statement claim, exclusive of attorneys' fees, is approximately **$25,294,690**, calculated as follows:

·     **$24,943,140**          Waiting Time Penalties

·     **$351,550**            Wage Statement Penalties

DEFENDANT HYATT CORPORATION'S NOTICE OF REMOVAL

54.     The figures above do not take into account Plaintiff's claim for PAGA penalties, all allegedly unpaid earned and accrued vacation wages, restitution, interest, or attorneys' fees and costs.

### 4.     Attorneys' Fees

55.     Plaintiff also seeks attorneys' fees.  (Ex. B, Complaint, Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.")

56.     A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

57.     In a recent decision, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all

17

relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

58.    Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F.3d at 922.

59.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting

18

1   attorneys' fees is 25 percent of the common fund).  Even under the conservative

2   benchmark of 25 percent of the total amount in controversy for Plaintiff's claims,

3   attorneys' fees alone would be upward of **$6,323,672.50** in this case [$25,294,690 total

4   amount in controversy * 0.25].

5       60.    Although Defendant denies Plaintiff's allegations that she or the putative

6   class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a

7   conservative estimate based on those allegations, the total amount in controversy is

8   **$31,618,362.50**, including attorneys' fees.  This total amount in controversy far exceeds

9   the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

10      61.    Accordingly, because diversity of citizenship exists, and the amount in

11  controversy exceeds $5,000,000, this Court has original jurisdiction of this action

12  pursuant to 28 U.S.C. § 1332(d)(2).  This action is therefore a proper one for removal to

13  this Court pursuant to 28 U.S.C. § 1441(a).

14      62.    To the extent that Plaintiff has alleged any other claims for relief in the

15  Complaint over which this Court would not have original jurisdiction under 28 U.S.C.

16  § 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28

17  U.S.C. § 1367(a).

18  **IV.    VENUE**

19      63.    Venue lies in the United States District Court for the Central District of

20  California, Western Division, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(c)(2).  This

21  action originally was brought in Los Angeles County Superior Court of the State of

22  California, which is located within the Central District of California.  28 U.S.C.

23  § 84(c)(2).  Therefore, venue is proper because it is the "district and division embracing

24  the place where such action is pending."  28 U.S.C. § 1441(a).

25      64.    A true and correct copy of this Notice of Removal will be promptly served

26  on Plaintiff and filed with the Clerk of the Los Angeles County Superior Court of the

27  State of California as required under 28 U.S.C. § 1446(d).

28

## V.  NOTICE TO STATE COURT AND TO PLAINTIFF

65.    Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Los Angeles.  The Notice of Removal is concurrently being served on all parties.

## VI.  PRAYER FOR REMOVAL

66.    WHEREFORE, Defendant prays that this civil action be removed from Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.


DATED: June 1, 2020                    Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Michael Afar*
　　　Brian Long
　　　Michael Afar
Attorneys for Defendant
HYATT CORPORATION

64065500v.1

# EXHIBIT A



Blackstone Law, APC
8383 Wilshire Blvd. #745
Beverly Hills, California 90211
Phone: (310)622-4278
Email: jgenish@blackstonepc.com

April 23, 2020

**Notice Via Online Submission & Fee Via Certified Mail**

Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

   **RE:**   ***Karen T. Hartstein v. Hyatt Corporation***

Dear PAGA Administrator:

   This office represents Karen T. Hartstein who was employed by Hyatt Corporation ("Respondent"). This letter shall serve as notice, and a request, pursuant to California Labor Code § 2699.3, that your agency investigate the claims in this impending civil action. If the agency does not intend to investigate the alleged violations, we specifically request notification so that we can file seek PAGA claims via civil litigation.

   This action is brought on behalf of employee Karen T. Hartstein and other similarly situated employees working for Respondent (referred to herein as "similarly situated employees"), to recover penalties for Respondent's failure to pay wages due at the time of termination and provide accurate wage statements as well as other statutory penalties and damages owed to employees by Respondent.

   Specifically, Respondent failed to pay vested paid vacation time upon termination of the employment relationship, thereby failing to pay all wages due. Respondent further failed to provide accurate wage statements to reflect said wages.

<div align="center">

**Failure to Furnish Accurate Wage Statements**
</div>

   Labor Code § 226(a) requires employers to furnish each employee with an accurate statement, which includes, but is not limited to, gross wages earned, all rates of pay, the total numbers of hours worked, and the net wages earned.

   Respondent failed to furnish and continues to intentionally fail to furnish employees, including Ms. Hartstein and similarly situated employees, with accurate itemized statements which meet the requirements of Labor Code §§ 226(a) because those statements failed to include, among other deficiencies, an accurate statement of gross wages. Respondent is therefore liable for civil penalties pursuant to Labor Code §§ 226.3 and 2698 in the amount of $250.00 for the initial violation and $1,000.00 per subsequent violation.

<div align="center">

**Failure to Pay Wages Due at Termination**
**Waiting Time Penalties**
</div>

   Respondent violated California Labor Code §§ 201, 203, and 227.3 and is subject to §§ 218.5, and 218.6. California Labor Code § 201 provides that if an employer discharges an employee, the employee's

Blackstone Law, APC
8383 Wilshire Blvd. #745
Beverly Hills, California 90211
Phone: (310)622-4278
Email: jgenish@blackstonepc.com

**BLACKSTONE LAW**

wages that have been earned and are unpaid at the time of discharge shall be paid immediately.  California Labor Code section 227.3 establishes that where an employer policy provides for paid vacations and an employee has not taken off vested vacation time, all vested vacation shall be paid to the employee as wages at his or her final rate of pay upon termination of the employment relationship.  Labor Code § 203 provides that if the employer willfully fails to pay any wages of an employee who is discharged, the employee's wages shall continue as a penalty from the due date of the payment of the wages, at the same rate, until such wages paid or an action commenced, but not more than 30 days.  Labor Code § 218.5, as pertinent, provides that the court shall award attorneys' fees and costs to the prevailing party in an action for nonpayment of wages.  Labor Code § 218.6, as pertinent, provides that in an action for nonpayment of wages, a court shall award interest on all due and unpaid wages.

Respondent did not pay Ms. Hartstein, and all similarly situated employees, wages, including vacation time, and other amounts due upon termination.  Respondent willfully failed to timely pay compensation and wages.  As a result, Respondent is liable for waiting time penalties and any other statutory penalties, together with interest and attorneys' fees and costs.

## Conclusion

Respondents are in direct violation of numerous California wage and hour laws including but not limited to said sections stated above.  We provide notice under the California Labor Code Private Attorney's General Act of 2004, California Labor Code §§ 2699, et seq., and specifically ask for an investigation, or if the agency does not intend to investigate the alleged violations, a letter confirming the same so that we may file a complaint against Respondents for the violations discussed in this letter.

By law, an employee alleging a violation of one of the above referenced sections must notify his or her employer and the Labor and Workforce Development Agency (LWDA) before he or she can invoke the provisions of § 2699, et seq., by seeking redress in court.  (Labor Code § 2699.3(a)(1).)  The LWDA must then notify the employer and the employee within 65 calendar days regarding whether it intends to investigate the alleged violation.  (Labor Code § 2699.3(a)(2)(B).)  If the LWDA advises it will not investigate, or if no notice is provided within the statutory period, the employee may file a lawsuit invoking the provisions under Labor Code § 2699.  (Labor Code §2699.3(a)(2)(A).)  It is the intention of this office to file a civil complaint and to bring the appropriate claims under Labor Code § 2699 should your office not address these matters within this time.

Should you require anything further or have additional questions, please do not hesitate to contact me.

Best regards,

**BLACKSTONE LAW**

Jonathan Genish, Esq.



Blackstone Law, APC
8383 Wilshire Blvd. #745
Beverly Hills, California 90211
Phone: (310)622-4278
Email: jgenish@blackstonepc.com

Copied by Certified Mail:

Hyatt Regency Huntington Beach Resort And Spa
Attn: Legal Department
21500 Pacific Coast Hwy
Huntington Beach, CA 92648

Hyatt Corporation
Attn: Legal Department
150 North Riverside Plaza, 14th Floor
Chicago, IL 60606



**BLACKSTONE LAW**

Blackstone Law, APC
8383 Wilshire Blvd., Suite 745
Beverly Hills, California 90211
Phone: (855) 786-6355
Email: mdietz@blackstonepc.com

April 24, 2020

**Via Certified U.S. Mail**

Hyatt Regency Huntington Beach Resort and Spa
Attn: Legal Department
21500 Pacific Coast Hwy
Huntington Beach, CA 92648

Hyatt Corporation
Attn: Legal Department
150 North Riverside Plaza, 14th Floor
Chicago, IL 60606

      RE:   *Karen T. Harstein*

To Whom It May Concern:

      This firm represents Karen T. Harstein with regard to her employment with Hyatt Regency Huntington Beach Resort and Spa. Please direct all communications solely to this office.

      Pursuant to California Labor Code sections 226(c), 432 and 1198.5, respectively, please provide, within the statutory time period, a copy of Ms. Harstein's entire personnel file, all itemized wage records, any documents she executed relating to her employment, and all internal communications and notes from any department relating to Ms. Harstein, including human resources and compliance. See also, Wellpoint Health Networks v. Superior Court, 59 Cal. App. 4th 110, 124 (1997). Enclosed with this letter is an authorization from Ms. Harstein permitting the release of these documents to our office.

      Thank you for your prompt attention to this matter. Should you have any questions or wish to otherwise discuss, feel free to call or email me.

Sincerely,

**BLACKSTONE LAW**

Matthew W. Dietz, Esq.

DocuSign Envelope ID: 009365AA-4C83-42F8-B6F5-21CD1627B6DE



BLACKSTONE LAW

Blackstone Law, APC
8383 Wilshire Blvd., Suite 745
Beverly Hills, CA 90211
Phone: (855) 786-6355
Email: jgenish@blackstonepc.com

## AUTHORIZATION TO RELEASE EMPLOYEE RECORDS

To: Hyatt Corporation

Re: Employee:     Karen Hartstein

Employee's Date of Birth: ████████

Employee's Social Security Number: ████████

  You are hereby authorized and requested to furnish and release to my attorneys, Blackstone Law, and to any employee, agent or representative thereof any and all information in your possession or under your control concerning my employment, including but not limited to all personnel, payroll, medical or hospital records.  You are further authorized to allow said persons to read, review, copy and have copied any and all records, notations, memoranda, and all other recorded information regardless of whether it is written, recorded, on computerized disc, etc. with respect to all aspects of my employment from the date I began my employment to the present date. You are further authorized to communicate with said persons orally or in writing concerning the matters addressed herein.

A photocopy of this authorization shall be considered as valid as the original.

Karen Hartstein                   *Karen Hartstein*

**Client Name**                      **Client Signature**

4/24/2020 | 9:55:18 AM PDT

**Date**

**EXHIBIT B**



**Notice of Service of Process**

**RXT / LABOR**
**Transmittal Number: 21470630**
**Date Processed: 05/04/2020**

| | |
|---|---|
| **Primary Contact:** | Rita DAmico<br>Hyatt Hotels Corporation<br>150 N Riverside Plz<br>Fl 14<br>Chicago, IL 60606-1598 |

| | |
|---|---|
| **Entity:** | Hyatt Corporation<br>Entity ID Number  0007499 |
| **Entity Served:** | Hyatt Corporation |
| **Title of Action:** | Karen Hartstein, in Her Representative Capacity and on behalf of herself and All Others Similarly Situated vs. Hyatt Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 20STCV15895 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/01/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jonathan M. Genish<br>310-224-278 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

COPY

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

CONFORMED COPY
(SOLO ORIGINAL FILED)
Superior Court of California
County of Los Angeles

APR 24 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HYATT CORPORATION, a Delaware corporation doing business in California; and DOES 1
through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KAREN HARTSTEIN, in her representative capacity and on behalf of herself and all others
similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br># 20STCV15895 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan M. Genish; Blackstone Law, APC, 8383 Wilshire Blvd., Suite 745, Beverly Hills, CA 90211; (310)622-4278

| DATE: **APR 2 4 2020**<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by *Isaac Lovo*<br>*(Secretaria)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Hyatt Corporation, a Delaware corporation doing business in California

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

Page 1 of 1

**SUMMONS**

COPY

1  Jonathan M. Genish  (State Bar No.  259031)
   jgenish@blackstonepc.com
2  Matthew W. Dietz  (State Bar No.  274665)
   mdietz@blackstonepc.com
3  BLACKSTONE LAW, APC
   8383 Wilshire Boulevard, Suite 745
4  Beverly Hills, California 90211
   Telephone: (310) 622-4278
5
6  Attorneys for Plaintiff
   KAREN HARTSTEIN
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 24 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10  KAREN HARTSTEIN, in her representative    Case No.   20STCV15895
    capacity and on behalf of herself and all others
11  similarly situated,                        CLASS ACTION COMPLAINT FOR:
12
                          Plaintiff,           1. Failure to Pay All Wages Upon Discharge or
13                                                Layoff;
                                               2. Waiting Time Penalties;
14       vs.                                    3. Failure to Furnish Accurate, Itemized Wage
15  HYATT CORPORATION, a Delaware                 Statements;
    corporation doing business in California; and 4. Unfair and Unlawful Business Practices; and
16  DOES 1 through 100, inclusive.             5. Enforcement Action Under the Private
17                                                Attorneys General Act, California Labor Code
                          Defendants.             Section 2698, et seq.
18
19                                             DEMAND FOR JURY TRIAL
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

COMES NOW Plaintiff KAREN HARTSTEIN ("Plaintiff"), an individual on her behalf and on behalf of all other persons similarly situated, hereby alleges as follows:

## INTRODUCTION

Our nation has been assailed by the COVID-19 pandemic.  As if a deadly virus infecting millions worldwide was not sufficiently unnerving, the pandemic has also had a crushing impact on our economy.  Over the past five weeks, 26.5 million Americans (including 3.4 million Californians) have been rendered unemployed as America's unemployment rate has skyrocketed to over 20%.  Businesses are laying off employees in droves.  Laid-off employees unable to find new jobs in a devastated economy are struggling to survive.  Every dollar counts.  Yet, in the midst of this nightmare, one publicly traded conglomerate - defendant Hyatt Corporation ("Hyatt") - has decided to victimize the very employees that for decades have served it faithfully and fueled the brand's success.

Throughout March of 2020, Hyatt laid off thousands of employees statewide with little or no notice.  Though Hyatt has publicly referred to this layoff as a "furlough," it did not provide a specific (or even general) return date, acknowledged that it would be *months* before employees could be rehired, and made no assurances that any specific employees would in fact be rehired.  Hyatt's thousands of employees are thus left in the dark hoping that one day, many months from now, perhaps Hyatt may ask them to return.

In California, when an employer lays off its employees, it must *immediately* pay out all earned wages, including all accrued vacation days.  In the words of the California Supreme Court, "[t]he public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established:  Delay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public."  Smith v. Superior Court, 39 Cal.4th 77 (2006).  "[B]ecause of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due."  Id.

Over many years of dedicated service, Hyatt employees have earned and accrued millions of dollars in vacation time, which they need now more than ever. Rather than pay out all earned and accrued vacation to its former employees when they were laid off, as it was bound to do by California law, Hyatt is instead holding its former employees' hard-earned accrued wages in its coffers. Hyatt's misleading description of this mass layoff as a "furlough" does not relieve it of its obligation to comply with California law. Hyatt has shown a callous disregard for its employees, violated California law and its own policies, and is subject to damages, penalties, and attorney's fees as a result.

### JURISDICTION AND VENUE

1.     The Superior Court of the State of California has jurisdiction over this matter because Plaintiff is a citizen and resident of the State of California and Defendant Hyatt Corporation, ("Hyatt"), a Delaware corporation, and DOES 1 through 100, inclusive (collectively, "Defendants") are citizens and residents of, and/or regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

2.     Venue is proper in the judicial district and the County of Los Angeles, California because many of the potential class members reside and Defendants maintain facilities and transact business in the County of Los Angeles; and Defendants' illegal payroll policies and practices, which are the subject of this action were applied, at least in part, in the County of Los Angeles.

### Plaintiff

3.     Plaintiff is a resident of the State of California and was an employee of Defendants.

4.     Plaintiff, on behalf of herself and all others similarly situated current and former employees of Defendants in the State of California and at any time during the four (4) years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, unpaid wages earned and due, including without limitation earned and accrued but unpaid vacation, failure to pay all wages due to discharged or employees, waiting time penalties, failure to provide accurate itemized wage statements, interest, attorneys' fees and costs.

5.     Plaintiff brings the first four causes of action on her behalf and on behalf of the

following similarly situated class of individuals ("Plaintiff Class"): **all employees of Defendants in the State of California whose employment was terminated (including laid off or furloughed) and were not paid for earned or accrued vacation time immediately upon cessation of their employment within the Relevant Period**. Relevant Period is defined as the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "Relevant Period"). Plaintiff reserves the right to name additional class representatives.

6.    Plaintiff brings the fifth cause of action, an enforcement action under the California Labor Code Private Attorneys General Act, on her behalf and on behalf of similarly situated former employees.

<div align="center">

**Defendants**

</div>

7.    Plaintiff is informed and believes and thereon alleges that Hyatt owns and manages hotels and resorts throughout California.

8.    Plaintiff is informed and believes and thereon alleges that Hyatt is, and all times relevant herein was, a Delaware corporation authorized to do business in the State of California and does conduct business in the State of California. Specifically, upon information and belief, Hyatt owns and/or manages hotels and conducts business in the County of Los Angeles and throughout the State of California.

9.    The true names and capacities of DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such DOE Defendants under fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated as DOE is in some manner responsible for the occurrences alleged herein, and that Plaintiff and Plaintiff Class members' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. Plaintiff will seek leave of court to amend this Complaint and to allege the true names and capacities of such DOE Defendants when ascertained. Defendants Hyatt and DOES 1 through 100, inclusive, are hereafter collectively referred to as "Defendants."

10.    At all relevant times herein, Defendants were the joint employers of Plaintiff and Plaintiff Class members. Plaintiff is informed and believes, and thereon alleges, that at all times

<div align="center">

CLASS ACTION COMPLAINT

4

</div>

1    material to this Complaint, Defendants were the alter egos, divisions, affiliates, integrated

2    enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators,

3    authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other.

4    Each Defendant was completely dominated by his, her, or its co-Defendant and each was the alter

5    ego of the other.

6         11.    At all relevant times herein, Plaintiff and Plaintiff Class members were employed by

7    Defendants.  In perpetrating the acts and omissions alleged herein, Defendants, and each of them,

8    acted pursuant to and in furtherance of their common policies and practices of not paying Plaintiff

9    and Plaintiff Class members all wages earned and due upon discharge or resignation and failing to

10   provide accurate itemized statements for each pay period, in violation of the California Labor Code

11   ("Labor Code") and the California Business and Professions Code.

12        12.    Plaintiff is informed and believes and thereon alleges that each and every one of the

13   acts and omissions alleged herein was performed by, and/or attributable to, all Defendants, each

14   acting as agents and/or employees, and/or under the direction and control of each of the other

15   Defendants, and that said acts and failures to act were within the course and scope of said agency,

16   employment, and/or direction and control.

17        13.    As a direct and proximate result of the unlawful actions of Defendants, Plaintiff and

18   Plaintiff Class members have suffered, and continue to suffer, from loss of earnings in amounts as

19   yet ascertained, but subject to proof at trial, and within the jurisdiction of this Court.

20                              **CLASS ACTION ALLEGATIONS**

21        14.    This action has been brought and may properly be maintained as a class action,

22   pursuant to the provisions of California Code of Civil Procedure section 382 because there is a well-

23   defined community of interest in the litigation and the proposed class is easily ascertainable:

24        A.    The potential class is a significant number.  Joinder of all Plaintiff Class

25   members individually would be impractical.  The precise number of Plaintiff Class members is

26   unknown at this time but may be ascertained through Defendants' records.  Plaintiff Class members

27   may be notified of the pendency of this action by electronic mail, conventional mail, the internet or

28   published notice.

1            B.     This action involves common questions of law and fact to the Plaintiff Class

2    because the action focuses on whether Defendants' policy of failing to immediately pay out earned

3    and accrued vacation upon termination (including layoffs and furloughs) of its employees constitutes

4    a violation of California labor law.

5            C.     Plaintiff's claims are typical of the claims of the members of the Plaintiff

6    Class, and Plaintiff and all members of the Plaintiff Class sustained injuries and damages arising out

7    of Defendants' common course of conduct in violation of law as complained of herein.  The injuries

8    and damages of each member of the Plaintiff Class were caused directly by Defendants' wrongful

9    conduct in violation of law as alleged herein.  The claims of the Plaintiff is typical of the class

10   because Defendants subjected all members of the Plaintiff Class to the identical violations of the

11   Labor Code and the California Business and Professions Code which prohibits unfair business

12   practices arising from such violations.

13           D.     Plaintiff will fairly and adequately protect the interests of members of the

14   Plaintiff Class.  Plaintiff resides in California, was an employee of Defendants for the entirety of the

15   Relevant Period and is an adequate representative of the Plaintiff Class as she has no interests which

16   are adverse to the interests of absent Plaintiff Class members.  Plaintiff has retained highly

17   competent and experienced class action attorneys to represent their interests and that of the Plaintiff

18   Class members.  No conflict of interest exists between Plaintiff and the Plaintiff Class because all

19   questions of law and fact regarding the liability of Defendants are common to the Plaintiff Class and

20   predominate over any individual issues that may exist, such that by prevailing on her own claim,

21   Plaintiff necessarily will establish Defendants' liability to all Plaintiff Class members.  Plaintiff and

22   her counsel have the necessary financial resources to adequately and vigorously litigate this class

23   action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Plaintiff Class

24   members and are determined to diligently discharge those duties by vigorously seeking the

25   maximum possible recovery for the class.

26           E.     A class action is superior to other available means for the fair and efficient

27   adjudication of this controversy since individual joinder of all members of the Plaintiff Class is

28   impracticable.  Class action treatment will permit a large number of similarly situated persons to

1  prosecute their common claims in a single forum simultaneously, efficiently, and without the

2  unnecessary duplication of effort and expense that numerous individual actions would engender.

3  Furthermore, as the damages suffered by each individual litigation would make it difficult or

4  impossible for individual members of the Plaintiff Class to redress the wrongs done to them, an

5  important public interest will be served by addressing the matter as a class action. The cost to the

6  court system of adjudication of individualized litigation would be substantial.  Individualized

7  litigation would also present the potential for inconsistent or contradictory judgments.  Plaintiff and

8  Plaintiff Class members envision no unusual difficulty in the management of this action as a class

9  action.

10  **ALLEGATIONS PERTAINING TO THE PRIVATE ATTORNEYS GENERAL ACT**

11  15.    During the Relevant Period, Defendants discharged employees, including Plaintiff,

12  without contemporaneously paying all earned wages and providing accurate wage statements in

13  contravention of the Labor Code.

14  16.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

15  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

16  advisors knowledgeable about California labor and wage law, employment and personnel practices,

17  and about the requirements of California law.

18  17.    Plaintiff is informed and believes, and thereon alleges, that she and other aggrieved

19  employees were not paid all wages earned at the time of their discharge.

20  18.    Plaintiff is informed and believes, and thereon alleges, that she and other aggrieved

21  employees were not provided accurate wage statements which, among other things, accurately set

22  forth their gross wages.

23  19.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

24  should have known that failing to pay all earned wages upon discharge and failure to provide

25  accurate wage statements was unlawful.

26  20.    At all times set forth herein, the Private Attorney General Act ("PAGA") was

27  applicable to Plaintiff's employment by Defendants.

28

21.     At all times set forth herein, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in Labor Code section 2699.3.

22.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

23.     Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is therefore an aggrieved employee. Plaintiff and other employees are "aggrieved employees" as defined by Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

24.     Pursuant to Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    A. The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    B. The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

25.     On April 23, 2020 Plaintiff provided notice by electronic submission to the LWDA and by certified mail to Defendants regarding the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to Labor Code section 2699.3. Should more than 65 days pass without a response from the LWDA, Plaintiff will amend these pleadings to reflect that she has satisfied the administrative prerequisites under Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of Labor Code set forth herein.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY WAGES UPON DISCHARGE OR LAYOFF
[Cal. Labor Code §§ 201, 202, 203, 218, 218.5, 218.6, 227.3]
(Against All Defendants)

26.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

27.     Pursuant to Labor Code section 201, Defendants are required to pay all earned and unpaid wages to an employee who is discharged from his or her employment (which under California law includes an alleged "furlough" without a specific return date or a return date that is not within the normal pay period).  California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

28.     California Labor Code section 227.3 establishes that where an employer policy provides for paid vacations, all earned, accrued and unused vacation shall be paid to the employee as wages at his or her final rate of pay immediately upon termination of the employment relationship. Labor Code section 218 authorizes employees to bring a civil action for the recovery of any wages due and owing.

29.     Plaintiff and members of the Plaintiff Class earned wages in the form of accrued vacation time throughout their tenure as employees of Defendants, pursuant to Defendants' own employment policies.  Yet upon termination of the employment relationship, Defendants did not pay Plaintiff and Plaintiff Class members said wages.

30.     Defendants are liable to Plaintiff and Plaintiff Class members for all unpaid wages

1  earned during their employment with Defendants in an amount subject to proof at trial.

2      31.    Pursuant to Labor Code section 218.5, Plaintiff and members of the Plaintiff Class

3  request an award of reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**[Cal. Labor Code §§ 201 and 203]**
**(Against All Defendants)**

7      32.    Plaintiff incorporates herein by specific reference, as though fully set forth, the

8  allegations in all preceding paragraphs.

9      33.    As set forth above, Defendants are, and were during the Relevant Period, required to

10  pay all earned and unpaid wages, including earned, accrued and unused vacation pay, to any

11  employee who is discharged (which under California law includes an alleged "furlough" without a

12  specific return date or a return date that is not within the normal pay period).   Labor Code section

13  201 mandates that if an employer discharges an employee, the employee's wages, including vacation

14  pay, that are accrued and unpaid at the time of discharge, are immediately due and payable.

15      34.    Labor Code section 203 provides that if an employer willfully fails to pay, in

16  accordance with Labor Code section 201, any wages of an employee who is discharged or who quits,

17  the employer is liable for waiting time penalties in the form of continued compensation to the

18  employee at the same rate for up to 30 workdays.

19      35.    During the Relevant Period, Defendants willfully failed to pay accrued wages to

20  Plaintiff and Plaintiff Class members in accordance with Labor Code section 201.

21      36.    As a result, Plaintiff and Plaintiff Class members are entitled to all available statutory

22  penalties, including the waiting time penalties provided in Labor Code section 203, together with

23  interest thereon, as well as other available remedies.

**THIRD CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**
**[Cal. Labor Code § 226]**
**(Against All Defendants)**

27      37.    Plaintiff incorporates herein by specific reference, as though fully set forth, the

28  allegations in all preceding paragraphs.

38.     During the Relevant Period, Defendant failed to provide Plaintiff and Plaintiff Class members with timely, accurate, and itemized wage statements in writing in violation of Labor Code section 226.

39.     As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and Plaintiff Class members have been damaged in an amount according to proof at trial, plus interest thereon.  Additionally, Plaintiff and Plaintiff Class members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to Labor Code sections 226(e) and 226.3, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in section 226(e), as well as other available remedies.

## FOURTH CAUSE OF ACTION
### UNFAIR AND UNLAWFUL BUSINESS PRACTICES
**[Cal.  Bus.  & Prof.  Code §§ 17200 et.  seq.]**
**(Against All Defendants)**

40.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

41.     Each and every one of Defendants' acts and omissions in violation of the Labor Code as alleged herein, including without limitation Defendants' failure and refusal to pay wages, Defendants' failure and refusal to pay all wages due to discharged employees, and Defendants' failure and refusal to furnish accurate itemized wage statements, constitutes an unfair and unlawful business practice under California Business and Professions Code sections 17200 et seq.

42.     Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Plaintiff Class members.

43.     Defendants have avoided payment of wages and other benefits as required by the Labor Code.  Further, Defendant has failed to record, report, and pay the correct sums of assessment to the state authorities under the Labor Code and other applicable regulations.

44.     As a result of Defendants' unfair and unlawful business practices, Defendant has reaped unfair and illegal profits during the relevant period at the expense of Plaintiff, Plaintiff Class members, and members of the public.  Defendant should be made to disgorge its ill-gotten gains and

1  to restore them to Plaintiff and Plaintiff Class members.

2       45.    Defendants' unfair and unlawful business practices entitle Plaintiff and Plaintiff Class

3  members to seek preliminary and permanent injunctive relief, including but not limited to orders that

4  Defendant account for, disgorge, and restore to Plaintiff and Plaintiff Class members the wages and

5  other compensation unlawfully withheld from them.  Plaintiff and Plaintiff Class members are

6  entitled to restitution of all monies to be disgorged from Defendant in an amount according to proof

7  at the time of trial, but in excess of the jurisdiction of this Court, as well as attorney's fees and costs.

8  
### FIFTH CAUSE OF ACTION
9  
**ENFORCEMENT ACTION PURSUANT TO THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**
10  
**(Cal. Labor Code § 2698, et seq.)**
**(Against All Defendants)**

11  

12       46.    Plaintiff incorporates herein by specific reference, as though fully set forth, the

13  allegations in all preceding paragraphs.

14       47.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor

15  Code sections enumerated in Labor Code section 2699.5.

16       48.    Defendants' conduct, as alleged herein, violates numerous sections of the Labor

17  Code, including, but not limited to, the following:

18       A.  Violation of Labor Code section 201 for failure to pay all wages at time of discharge

19          from employment;

20       B.  Violation of Labor Code section 226(a) for failure to provide accurate wage

21          statements to Plaintiff and other aggrieved employees; and

22       C.  Violation of Labor Code section 227.3 for failure to pay all vested vacation time at

23          the time of discharge from employment.

24       49.    Defendants' conduct has caused injury and damage to their statutorily protected rights

25  to Plaintiff and all employees discharged from their employment with Defendants during the

26  relevant period ("Aggrieved Employees").

27       50.    Plaintiff provided written notice to the California Labor and Workforce Development

28  Agency ("LWDA") of these claims.

51.    Pursuant to PAGA, and in particular Labor Code sections 2699(a), 2699.3, and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for Plaintiff, all other Aggrieved Employees, and the State of California against Defendants, in addition to other remedies, for violations of Labor Code sections set forth herein.  Further, and as authorized by the aforementioned statutes, Plaintiff seeks recovery of her attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other persons similarly situated, respectfully prays for relief against Defendant and Does 1 through 100, inclusive, and each of them, as follows:

### As to Causes of Action One through Four:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to Plaintiff and Plaintiff Class members, as well as disgorged profits from Defendants' unfair and unlawful business practices in an amount to be ascertained at trial;

3.    For preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the Labor Code and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to Labor Code section 203 in an amount to be ascertained at trial;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the Labor Code section 226(e);

8.    For interest on the unpaid wages at 10% per annum pursuant to Labor Code section 218.6, California Civil Code sections 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to Labor Code section 218.5, California Civil Code section 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

1    10.    For declaratory relief;

2    11.    For an order requiring and certifying the First, Second, Third, and Fourth Causes of

3  Action as a class action;

4    12.    For an order appointing Plaintiff as class representative, and Plaintiff's counsel as

5  class counsel; and

6    13.    For such further relief that the Court may deem just and proper.

7                      **As to the Fifth Cause of Action:**

8    14.    That the Court declare, adjudge and decree that Defendants violated the following

9  Labor Code sections as to Plaintiff and aggrieved employees: 201 and 203 by failing to pay all

10  wages owed upon termination; 226(a) by failing to provide accurate wage statements; and 227.3 for

11  failure to pay all vested vacation time at the time of discharge from employment.

12

13    15.    For civil penalties pursuant to Labor Code sections 2699(a) and/or 2699 (f) and (g),

14  plus costs and attorneys' fees, for violations of Labor Code sections 201, 203, and 226(a); and

15    16.    For such other and further relief as the Court may deem equitable and appropriate.

16

17  DATED: April 23, 2020                      Respectfully Submitted,

18

19                                             BLACKSTONE LAW

20

21                      By:    _____

22                                             Jonathan M.  Genish, Esq.
                                               Attorneys for Plaintiff,
23                                             KAREN T.  HARTSTEIN

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: April 23, 2020

BLACKSTONE LAW

By: _____

Jonathan M.  Genish, Esq.
Attorneys for Plaintiff,
KAREN T.  HARTSTEIN

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jonathan M. Genish (SBN: 259031); Matthew W. Dietz (SBN:274665)<br>Blackstone Law, APC<br>8383 Wilshire Blvd., Suite 745, Beverly Hills, CA 90211<br><br>TELEPHONE NO.: 310-622-4278   FAX NO. *(Optional):* 855-786-6356<br>ATTORNEY FOR *(Name):* Plaintiff Karen Hartstein | *FOR COURT USE ONLY*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 24 2020<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Isaac Lovo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY ...geles, CA 90012
...y Mosk Courthouse
...ration

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **20STCV15895**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>   condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>   above listed provisionally complex case<br>   types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
                                        f. [x] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 23, 2020
Jonathan M. Genish
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

COPY

| SHORT TITLE: Hartstein v Hyatt Corporation | CASE NUMBER |
|---|---|
| | **20STCV15895** |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Hartstein v Hyatt Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | (1) 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Hartstein v Hyatt Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Hartstein v Hyatt Corporation | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __April 23, 2020__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/24/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ I. Lovo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV15895 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maren Nelson | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/27/2020
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By I. Lovo _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.   **The Civil Mediation Vendor Resource List**
     If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - o   Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE:  This program does not accept family law, probate, or small claims cases.

b.   **Los Angeles County Dispute Resolution Programs**
     https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - o   Free, day- of- trial mediations at the courthouse. No appointment needed.
  - o   Free or low-cost mediations before the day of trial.
  - o   For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c.   **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3.   **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4.   **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit  http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

# EXHIBIT C

1
2
3
4

SEYFARTH SHAW LLP
Brian Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:     (213) 270-9600
Facsimile:      (213) 270-9601

5
6
7
8

SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:     (310) 277-7200
Facsimile:      (310) 201-5219

9
10

Attorneys for Defendant
HYATT CORPORATION

11

12

13

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

14

15

16

17

18

19

20

21

KAREN HARTSTEIN, in her representative
capacity and on behalf of herself and all others
similarly situated,

Plaintiff,

v.

HYATT CORPORATION, a Delaware
corporation doing business in California; and
DOES 1 through 100, inclusive,

Defendants.

Case No. 20STCV15895

*[Assigned to the Hon. Maren Nelson]*

**CLASS ACTION**

**DEFENDANT HYATT CORPORATION'S
ANSWER TO PLAINTIFF'S UNVERIFIED
CLASS ACTION COMPLAINT**

Complaint Filed:   April 24, 2020

22

23

24

25

26

27

28

Defendant Hyatt Corporation hereby answers Plaintiff Karen Hartstein's ("Plaintiff") unverified Class Action Complaint ("Complaint"), as set forth below.

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d) and (e), Defendant denies, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff and those persons she seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant. Defendant further denies, generally and specifically, that Plaintiff and those persons she seeks to represent have suffered any damage or loss of wages, overtime, penalties, compensation, benefits or restitution, or is entitled to any other legal or equitable relief within the jurisdiction of this Court.

## SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, Defendant alleges the following defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action Upon Which Relief Can Be Granted)

1.      Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state any cause of action upon which relief can be granted.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The claims of Plaintiff and any persons whom Plaintiff purports to represent by this action are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 312, 337, 338, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and/or California Labor Code §§ 201-203, 218, 218.5, 218.6, 226, 227.3, 2698 *et seq.*

**THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Estoppel)**

3.      Defendant is informed and believes and thereon alleges that Plaintiff and those persons she purports to represent have engaged in conduct by which they are estopped from asserting the causes of action in the Complaint against Defendant.

**FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4.      Defendant is informed and believes and thereon alleges that Plaintiff and those persons she purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

**FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Laches)**

5.      Defendant is informed and believes and thereon alleges that Plaintiff and those persons she purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of laches.

**SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Set Off)**

6.      To the extent that Plaintiff and any persons Plaintiff purports to represent by this action are entitled to damages or penalties, Defendant is entitled to an offset for any overpayment of wages, forgiveness of debt, or other consideration previously provided to those parties.

**SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Waiver)**

7.      Defendant is informed and believes and thereon alleges that Plaintiff and those persons she purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

**EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

8.      Plaintiff's Complaint is barred by the doctrines of res judicata and collateral estoppel to

2

the extent that Plaintiff and/or putative class members have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

9.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of release as to Plaintiff and/or any putative class member who has given a release in exchange for adequate consideration.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

10.      To the extent Plaintiff accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prompt Remedial Action)

11.      Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Standing)

12.      Plaintiff's claims are barred to the extent that she lacks standing to pursue the claims for relief in the Complaint on behalf of some or all putative class members.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutory Penalties Unconstitutional)

13.      Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendant's rights to due process and equal protection under the United States and California Constitutions.

3

1

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Excessive Fines)

3        14.      Plaintiff's claims for statutory penalties are barred because they constitute an excessive

4   fine in violation of the Eighth Amendment of the United States Constitution.

5

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

6

### (Due Process)

7        15.      Plaintiff's claims are barred because prosecution of this action by Plaintiff and the

8   putative class members as a class and/or as a representative action would constitute a denial of

9   Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the

10   United States Constitution and under the Constitution and laws of the State of California.

11

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

12

### (No Knowing and Intentional Violation of Labor Code)

13        16.      Any alleged violation of the California Labor Code was not knowing and intentional and

14   therefore Plaintiff's requested recovery is barred.

15

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

16

### (Good Faith Dispute)

17        17.      Plaintiff is not entitled to any penalty because, at all times relevant and material herein,

18   Defendant did not willfully, or "knowingly and intentionally," fail to comply with any provisions of the

19   California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable

20   grounds for believing that it did not violate the California Labor Code or the applicable wage order.

21

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

22

### (Action Unconstitutional)

23        18.      Prosecuting a class action and certification of the alleged class as representative of the

24   general public under California Business and Professions Code Section 17200 is barred, under the facts

25   and circumstances of this case, because provisions of Section 17200 violate the provisions of the United

26   States and California Constitutions, including but not limited to, the due process clauses of the Fifth and

27   Fourteenth Amendments to the United States Constitution.

28

64141711v.1

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing Under Business and Professions Code Section 17200)

19.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Exhaust Grievance Procedures)

20.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that she has failed to exhaust the grievance and arbitration provisions of any applicable collective bargaining agreement.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Preemption)

21.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent it is preempted by federal law under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act).

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

22.     Defendant alleges, based on information and belief, that Plaintiff and those persons she purports to represent had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  By reason of the foregoing, Plaintiff and those persons she purports to represent are barred in whole or in part from recovery of damages from Defendant.

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Show Entitlement To Waiting Time Penalties)

23.     Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff or those persons she purports to represent have failed to show that Defendant willfully, knowingly or intentionally did not pay all accrued wages within the time required following any discharge or voluntary resignation of employment.  Plaintiff, and those persons she purports to represent, therefore cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Inability To Pursue Penalties Under California Labor Code § 2698 *et seq.*)

24.     Plaintiff's Complaint is barred to the extent that Plaintiff seeks civil penalties for alleged violations of the Labor Code that already contain a statutory or other civil penalty.

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

25.     Plaintiff's Complaint is barred to the extent Plaintiff failed to exhaust her administrative remedies before filing the Complaint, as specified in Labor Code § 2698 *et seq.*

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not "Aggrieved Employees")

26.     Plaintiff's Complaint, and each purported claim alleged therein, is barred because Plaintiff or those persons she purports to represent are not aggrieved employees and are not entitled to any relief under Labor Code § 2698 *et seq.*  Plaintiff's Complaint, and each purported claim alleged therein, is further barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Duplicate Damages)

27.     To the extent Plaintiff or allegedly "aggrieved employees" have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

6

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Manageability)

28.     Plaintiff's Complaint is not proper for treatment as a representative action under PAGA because, among other reasons, the representative action is not manageable.

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

29.     Defendant may have additional, as yet unidentified defenses available.  Defendant reserves the right to assert any additional affirmative defenses that are supported by information or facts obtained through discovery or other means during this case, and it expressly reserves the right to amend this answer to assert such additional affirmative defenses in the future.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff, on behalf of herself and any persons whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff and all persons Plaintiff purports to represent by this action on all causes of action;

3.     That Defendant be awarded reasonable attorneys' fees according to proof;

4.     That Defendant be awarded the costs of suit incurred herein; and

5.     That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: May 29, 2020                          Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By:  /s/ Michael Afar
                                                  Brian Long
                                                  Michael Afar
                                             Attorneys for Defendant
                                             HYATT CORPORATION

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

64141711v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                                                 )   SS
COUNTY OF LOS ANGELES    )

      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067.  On May 29, 2020, I served the within document(s):

**DEFENDANT HYATT CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☐  I delivered such document by facsimile to the respective facsimile number(s) of the party(ies) as stated below.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒  by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Jonathan M. Genish              Tel:  (310) 622-4278
Matthew W. Dietz              Email:  jgenish@blackstonepc.com
BLACKSTONE LAW, APC      Email:  mdietz@blackstonepc.com
8383 Wilshire Blvd., Suite 745
Beverly Hills, California 90211    ***Attorneys for Plaintiff***

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on May 29, 2020, at Los Angeles, California.

*Fern Jenkins*
Fern Jenkins

---

PROOF OF SERVICE

64141711v.1



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**Jenkins, Fern**

| | |
|---|---|
| **From:** | lasc <lasc@nationwideasap.com> |
| **Sent:** | Friday, May 29, 2020 2:16 PM |
| **To:** | Jenkins, Fern |
| **Subject:** | Delivery Confirmation for Control # 1254679 |

[EXT. Sender]

NATIONWIDE LEGAL, LLC
                PROOF OF DELIVERY

Sign: madnatory drop w/sase
Del Date:  5/29/20
Time: 14:00

Case Number: 20STCV15895
Case Name: HARTSTEIN V HYATT
Docs: ANSWER TO COMPLAINT
FILE/CONFORM/RETURN
ADVANCE FEES
DROP BOX TODAY

Advance Fees: $1435
Reference#: 037039-000287
Requested By: FERN J 759227
Control#:  1254679
Order Date: 5/29/20
Service Types: SPCL PDF FILING

p/u: SEYFARTH SHAW LLP
2029 CENTURY PARK EAST
LOS ANGELES    CA  90067
To See: EVER310.201.1552

Del: LASC/COMPLEX/SPRING STREET COURT
111 N.HILL STREET
LOS ANGELES    CA  90012

CSR:EXF
************************************************************ ******

Did you know that Nationwide has a full service Medical  Records retrieval department?
We can be your Deposition Officer.
Call(213) 249-9999 for more information.