SEYFARTH SHAW LLP
Holger Besch (SBN 193362)
hbesch@seyfarth.com
Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com
Francesca L. Hunter (SBN 327571)
fhunter@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
HYATT CORPORATION

*Additional Parties on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN HARTSTEIN, in her representative capacity and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, a Delaware corporation doing business in California; and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No.: 2:20-cv-4874-DSF-JPR<br><br>Honorable Dale S. Fischer<br><br>**STIPULATION AND [PROPOSED] ORDER RE: CASE MANAGEMENT**<br><br>Complaint Filed:  April 24, 2020<br>FAC Filed:            January 4, 2021<br>Trial Date:            vacated |

STIPULATION RE: CASE MANAGEMENT

Jonathan M. Genish (SBN 259031)
jgenish@blackstonepc.coin
Matthew W. Dietz (SBN274665)
indietz@blackstonepc.coin
Jill J. Parker (SBN274230)
jparker@blackstonepc.coin
BLACKSTONE LAW, APC
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone:  855-786-6355
Facsimile:   855-786-6356

Attorneys for Plaintiff Karen Hartstein and the Certified Class

1  Plaintiff Karen Hartstein on behalf of herself and the certified class ("Plaintiff")
2  and Defendant Hyatt Corporation ("Defendant"), by and through their counsel of
3  record, hereby stipulate as follows, with reference to the following facts:
4  **WHEREAS**, on April 24, 2020, Plaintiff filed her Complaint for Damages
5  ("Complaint") in the Superior Court of California for the County of Los Angeles;
6  **WHEREAS**, on May 31, 2020, Defendant filed its Answer to Plaintiff's
7  Complaint in the Superior Court of California for the County of Los Angeles;
8  **WHEREAS**, on June 1, 2020, Defendant removed this action to the United
9  States District Court for the Central District of California;
10  **WHEREAS**, on July 1, 2020, this Court issued its Order Re Jury Trial, setting
11  various deadlines and trial-related dates;
12  **WHEREAS**, on April 13, 2021, the parties submitted a Joint Stipulation to
13  Continue Trial Date, Discovery and Pretrial Deadlines, which this Court granted
14  shortly thereafter;
15  **WHEREAS**, on May 25, 2021, the Court granted Plaintiff's motion for class
16  certification;
17  **WHEREAS**, on November 15, 2021, the parties filed cross motions for
18  summary judgment/adjudication;
19  **WHEREAS**, on February 14, 2022, this Court granted Defendant's motion for
20  summary judgment and denied Plaintiff's motion for summary adjudication finding
21  that "Hyatt's indefinite layoff or furlough of its employees was not a 'termination'
22  within the meaning of [Labor Code] Section 227.3";
23  **WHEREAS**, while the Parties had fully briefed the issue of willfulness or
24  Defendant's "good faith dispute" defense, the Court did not reach this issue because
25  it "found in favor of Hyatt" on the other threshold legal questions (Doc. No. 84, at §
26  III.D; "The Court has found in favor of Hyatt on those issues. The Court therefore
27  need not consider whether Hyatt had a good faith dispute.");
28

1    **WHEREAS**, on February 14, 2022, this Court entered judgment in favor of
2    Defendant in the pending action;

3    **WHEREAS**, on March 15, 2022, Plaintiff filed a Notice of Appeal in the Ninth
4    Circuit Court of Appeals;

5    **WHEREAS**, on September 22, 2023, the Ninth Circuit Court of Appeals issued
6    its opinion in which it, inter alia, held: "… the March 2020 layoff was a discharge
7    within the meaning of § 201, triggering the prompt payment requirement, because
8    there was no specific return date within the normal pay period.";

9    **WHEREAS**, the Ninth Circuit Court of Appeals further held: "[w]e therefore
10   reverse the district court's grant of Hyatt's motion and denial of Plaintiff's motion for
11   summary judgment as to the claim that Hyatt violated the prompt payment
12   provisions.";

13   **WHEREAS**, the Ninth Circuit Court of Appeals further held: "We therefore
14   reverse the district court's grant of summary judgment in favor of Hyatt as to the
15   vacation pay and waiting time penalties claims and remand for the court to consider
16   whether Hyatt acted willfully within the meaning of § 203."

17   **WHEREAS**, on October 16, 2023, the Ninth Circuit Court of Appeals issued
18   its mandate pursuant to Federal Rules of Appellate Procedure 41(a);

19   **WHEREAS**, on January 29, 2024, this Court held a status conference to
20   discuss how to bring this case towards a final resolution;

21   **WHEREAS**, at the status conference the Court inquired about: (1) the
22   possibility of mediation following the Ninth Circuit Court of Appeal's order, (2) the
23   discovery that was pending prior to the discovery cut-off date, and (3) the schedule
24   for this case moving forward;

25   **WHEREAS**, on January 30, 2024, this Court issued an order in which it
26   instructed the parties to meet-and-confer regarding additional briefing for the
27   motion(s) for summary judgment and a hearing date;

28

**WHEREAS**, pursuant to the Court's order, on January 31, 2024, the parties met and conferred regarding these issues;

**WHEREAS,** following their initial meet-and-confer discussions, the parties continued to meet-and-confer over the course of several months;

**WHEREAS**, the parties agreed to attend mediation on July 16, 2024, with mediator Jeff Ross;

**WHEREAS,** the case did not settle at mediation;

**WHEREAS,** the parties continued to work with the mediator in the months following the mediation to determine whether this case could be resolved via a mediator's proposal; and

**WHEREAS,** the parties appear to have reached an impasse and would like to proceed with litigation.

**IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, SUBJECT TO AN ORDER FROM THE COURT, AS FOLLOWS**:

The parties stipulate and jointly request that they be permitted to simultaneously exchange supplemental briefs on or before **November 1, 2024, at 5:00 p.m.**, not to exceed five (5) pages in length. The supplemental briefs' scope shall be limited to introducing into evidence this Court's February 14, 2022, order granting summary judgment in favor of Defendant, and the Ninth Circuit Court of Appeals' subsequent Order reversing in part that order, and discussing the impact of those two Orders on the issue of "willfulness" under Labor Code § 203.

September 17, 2024                    **Blackstone Law APC**

_____/s/ Karen Gold_____
Jonathan M. Genish
Matthew W. Dietz
Karen I. Gold
Marissa A. Mayhood

*Attorneys for Plaintiff Karen Hartstein and the Certified Class*

September 17, 2024             **SEYFARTH SHAW LLP**

                    ____/s/ Michael Afar_____
                    Brian Long
                    Michael Afar

                    *Attorneys for Defendant*
                    *HYATT CORPORATION*

Pursuant to Local Rule 5-4.3.4, the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.